**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

LaTOYIN DAVIS                                                                               PLAINTIFF
ADC #138224

V.                                      NO: 2:08CV00201 WRW/HDY

HARMON *et al.*                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.
2.     Why the evidence proffered at the hearing before the District
       Judge  (if such a  hearing is granted)  was not  offered at  the
       hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the North Central Unit of the Arkansas Department of Correction

("ADC"), filed a *pro se* complaint (docket entry #2), on November 19, 2008, alleging that

Defendants lost or stole his personal property.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v.*

*Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief

may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the

2

elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974.  Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well.  *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008).  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

Plaintiff's primary complaint is that his personal property was left in the custody of the property supervisor at the East Arkansas Regional Unit ("EARU") on July 3, 2007, and when he returned to the EARU on May 7, 2008, the property was gone.  Plaintiff claims that he was not issued a change of clothes, towel, washcloth, or soap for two days upon his return, which prevented him from bathing.  Finally, Plaintiff contends that Defendants will not answer his grievances.

Even if all of Plaintiff's allegations are true, a § 1983 action is not the appropriate place for claims regarding his loss of property.  The State of Arkansas provides an adequate post-deprivation remedy through the Arkansas Claims Commission.  *See* Ark. Code Ann.§ 19-10-204; *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy).  Because the State of Arkansas provides an adequate post-deprivation remedy, Plaintiff has no constitutional claim for his lost property.

Additionally, Plaintiff's complaint does not state a claim for relief due to his inability to shower for two days. *See Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989)(no eighth amendment violation when inmate was allowed two showers per week while on investigative status for 35 days); *Cosby v. Purkett*, 782 F.Supp. 1324, 1329 (E.D. Mo. 1992)(no eighth amendment violation when inmates allowed one shower every 72 hours in administrative segregation)

Finally, to the extent that Plaintiff is attempting to pursue a claim due to the EARU officials' failure to respond to his grievances, the Court notes that such claims are not actionable. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Thus, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this   25   day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

4